IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON,

    Plaintiff,                          No. CIV S-05-2498 MCE GGH P

    vs.

R. ROWLETT, et al.,

    Defendant.                      ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel filed October 19, 2006. After carefully considering the record, the court orders plaintiff's motion denied.

        Plaintiff argues that defendants Carroll and Moreno did not adequately respond to his first set of interrogatories.

        Interrogatory no. 1 asked both defendants to state their full names, present positions and title of occupation. Defendant Carroll responded, "K. Carroll, Correctional Sergeant." Defendant Moreno responded, "S. Moreno, Facility Captain." Plaintiff argues that defendants should be required to provide him with their "full" names.

        In the opposition to the motion to compel, defendants state that because they have appeared and are not contesting that plaintiff has improperly identified them, it is not necessary

1

for them to provide their full names.  Defendants further argue that their full names have no relevance to this action.  In the motion to compel, plaintiff does not demonstrate why defendants' full names are relevant to this action.  Fed. R. Civ. P. 17(a) requires that all actions be prosecuted in the name of the real party in interest.  However, this requirement only applies to the plaintiff in the action.  Gardetto v. Mason, 854 F. Supp. 1520, 1544 (D. WY 1994).  Moreover, defendants have some safety interest in not having their full names made public to all prisoners.  Finally, because defendants have submitted to the jurisdiction of the court, if plaintiff receives a favorable judgment, he suffers no impediment to payment because he does not have the full names.  While having the defendants' full names might aid plaintiff in discovery, based on the present record, the court does not see the need especially in light of safety considerations.  Plaintiff's motion with respect to Interrogatory 1 is denied.

Interrogatory no. 2 asked both defendants, "How long have you been employed by CDCR, and please give the date you were hired."  Defendant Carroll responded, "Since 1988; approximately 18 years."  Defendant Moreno responded, "Since 1983; approximately 24 years."  The court finds that defendants adequately responded to interrogatory no. 2.

Interrogatory no. 3 asked both defendants, "What are your specific and general duties and responsibilities in the position you now hold, and please include a copy of your California State Personnel job description."  Both defendants responded, "Please see attachment."  The attachments are defendants' duty statements.  The court finds that defendants adequately responded to interrogatory no. 3.

Interrogatory no. 4 asked both defendants, "How long have you held your current position, and the date you assumed responsibility for that job?"  Defendant Carroll answered, "Since 2000; approximately 6 years."  Defendants Moreno responded, "Since 2001; approximately 5 years."  The court finds that defendants adequately responded to interrogatory no. 4.

\\\\\

Interrogatory no. 5 asked both defendants if they had ever been involved in any civil legal action either as a plaintiff or defendant and, if so, the date and place of the action. Both defendants objected that the information sought was protected by their right to privacy. Defendants also objected that the information sought was not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory no. 5 is overbroad in that not every civil action defendants may ever have been involved in is necessarily relevant to this action. Accordingly, the motion to compel as to interrogatory no. 5 is denied.

Interrogatory no. 6 asked both defendants, "Have you ever been subject to employee disciplinary action during your employment with the CDCR? If yes, how many times?" Both defendants objected that the information sought was protected by their right to privacy. Defendants also objected that the information sought was not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory no. 6 is overbroad in that not every employee disciplinary action defendants may have been involved in is necessarily relevant to this action. Accordingly, the motion to compel as to interrogatory no. 6 is denied.

Interrogatory no. 7 asked defendant Carroll, "Were you 'pressured' by your supervisor Defendant Captain Samuel Moreno to 'affirm' plaintiff's disciplinary action, or participate in any acts of retaliation against plaintiff because you were directed or ordered to do so by Moreno?" Defendant Carroll objected that the interrogatory was compound and lacked foundation. Without waiving objections, defendant responded in the negative. The court finds that defendant Carroll adequately responded to interrogatory no. 7.

\\\\\
\\\\\
\\\\\
\\\\\

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel filed
2  October 19, 2006, is denied.
3  DATED: 3/16/07                              /s/ Gregory G. Hollows
4                                              UNITED STATES MAGISTRATE JUDGE

7  jack2498.com